```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VICTOR ORMENO d/b/a/ KH ENTERTAINMENT,

                    Plaintiff,

     -v-

RELENTLESS CONSULTING INC, JUAN TORO
individually d/b/a RELENTLESS AGENCY, W
ENTERTAINMENT, JUAN LUIS MORENO LUNA,

                    Defendants.
-----------------------------------------------------------------------X

21-cv-1643 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Defendants Juan Luis Morera Luna, professionally known as "Wisin" ("Wisin") and W Entertainment, LLC ("W" and with Wisin, "Defendants") move, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint filed by Plaintiff Victor Ormeno, d/b/a KH Entertainment ("Ormeno" or "Plaintiff") against them. Dkt. No. 8. Defendants argue that the action is time-barred under New York's borrowing statute, N.Y.C.P.L.R. § 202.

    For the following reasons, the motion to dismiss is granted.

## BACKGROUND

    The well-pleaded facts of the complaint are accepted as true for purposes of this motion.

    Plaintiff Victor Hugo Ormeno, d/b/a KH Entertainment is an entertainment company based in San Francisco, California focused on musical-artist tour promotion. Dkt. No. 1 ("Complaint" or "Compl.") ¶ 15.

    Defendant Juan Luis Morena Luna, who performs under the name "Wisin" is a globally renowned reggaeton artist and a resident of Puerto Rico. *Id.* ¶¶ 6, 20. Defendant W is a business entity that provides Wisin's services. *Id.* ¶ 8. Defendant Juan Toro d/b/a Relentless Agency is

Wisin's agent for concert-touring purposes. *Id.* ¶ 7. Toro is located in New York and is the principal shareholder of defendant Relentless Consulting, Inc. ("Relentless Consulting"), a New York corporation through which he does business and which he uses for money deposits and disbursements. *Id.* ¶¶ 2, 4–5. Toro and Relentless Consulting hold themselves out as an agency that provides the services of talented performers under the name "Relentless Agency," which is not a registered business entity. *Id.* ¶¶ 16, 18. For all intents and purposes, both Relentless Consulting and Relentless Agency are alter-egos of Toro. *Id.* ¶ 19.

This case involves an oral agreement purportedly formed in or around August 2015 for Wisin to perform at five live show performances scheduled for September and October 2015 (the "Tour Performances"), *id.* ¶¶ 10, 22, 41, and for Plaintiff to promote Wisin on those dates. *Id.* ¶ 23. Three of the performances were to take place in California, one was to take place in Nevada, and one was to take place in Arizona. *Id.*, Ex. B at 1–2; *see also id.*, Ex. A; *id.* ¶ 49. On or around August 13, 2015, Toro emailed Plaintiff an unsigned artist-engagement contract and Wisin's artist and technical riders, along with the necessary information and details for Wisin's Tour Performances. *Id.* ¶¶ 24–26. The artist-engagement contract specified the payment and venue information for Wisin's Tour Performances, including dates, venue locations, contact information, ticket prices, venue capacity, setlist times, and an agreed-upon $185,000 fee. *Id.* ¶ 29. The contract directed Plaintiff to wire a $100,000 deposit on or before August 15, 2015, and to wire the remaining $85,000 balance on or before August 24, 2015, *id.*, Ex. B at 2; *id.* ¶¶ 30–31; Toro indicated that he needed the deposits to "get authorization to begin promotion," *id.*, Ex. A at 1; *id.* ¶ 28.

Defendants never returned a signed executed contract to Plaintiff. *Id.* ¶ 34. Nevertheless, Plaintiff sent three deposits totaling either $115,000 or $120,000 to Relentless Consulting. *Id.*

¶¶ 10, 32.  Plaintiff also continued to make arrangements for Wisin's Tour Performances.  *Id.* ¶ 35.  In so doing, Plaintiff incurred thousands of dollars in promotional, ticket, hotel, and rental expenses, as well as thousands of dollars in performance deposits for venues.  *Id.* ¶¶ 44–50.

On or about August 17, 2015, Toro notified Plaintiff that Wisin had changed his West Coast tour dates from mid-September to September 30 through October 4, 2015.  *Id.* ¶ 41; *see also id.* ¶ 22.  Then, on around September 28, 2015, Toro emailed Plaintiff stating that the parties' agreements and the newly arranged Tour Performances were cancelled.  *Id.* ¶¶ 51, 71.  Toro failed to return the deposits Plaintiff paid him for Wisin's performances, notwithstanding Wisin's nonperformance.  *Id.* ¶¶ 57–58.

On December 9, 2015, Plaintiff, through his former legal counsel, sent a written demand letter to Relentless,[1] demanding reimbursement of Plaintiff's total deposit amount of $120,000.  *Id.* ¶ 55.  The demand letter also specified additional expenses incurred by Plaintiff and warned that Relentless's failure to reimburse Plaintiff would result in civil litigation filed against it.  *Id.* ¶ 56.  Defendants, however, failed to return the deposits, reimburse Plaintiff's expenses, or reply to the demand letter.  *Id.* ¶¶ 57–61.

## PROCEDURAL HISTORY

On February 24, 2021, Plaintiff filed the Complaint against Relentless Consulting, Toro, W, and Wisin, asserting three causes of action.  The first claim is for breach of an implied-in-fact contract.  Plaintiff contends that notwithstanding the absence of a signed contract among Plaintiff, Toro, and Wisin, Toro expressed an unambiguous offer to retain Plaintiff's promotional services for Wisin's Tour Performances and that Plaintiff accepted that offer, as demonstrated by his conduct and by paying $115,000 in deposit payments and approximately $28,460 in expenses

---

[1] The Complaint does not specify if the demand was sent to Relentless Consulting or Toro doing business as Relentless Agency.

3

related to the Tour Performances. *Id.* ¶¶ 64–66. The Complaint alleges that the payments and expenses, as well as receipt of the artist-engagement contract and riders and the numerous emails and phone correspondences between the parties establish a mutual intent by the parties to be bound to their agreement. Plaintiff contends the agreement was breached when Toro and Wisin cancelled the concerts and failed to reimburse Plaintiff for the time and money he spent promoting the events. *Id.* ¶¶ 62–73. The second clause is for fraudulent misrepresentation. *Id.* ¶¶ 74–97. Plaintiff alleges that Toro falsely represented that Plaintiff would be given the opportunity to promote Wisin's Tour Performances without Defendants ever intending to honor that representation. In addition, Plaintiff alleges that Toro represented that Relentless Agency was a legally licensed and registered company when in fact Relentless Agency was Toro's alter ego and Toro was simply using the name Relentless Agency for his own personal benefit. As a result, Plaintiff was left with the prospect of an unsatisfied judgment against Relentless Agency, an "empty shell corporate entity." *Id.* ¶ 88. Plaintiff complains that "Wisin and/or his authorized agents . . . suddenly chang[ed] Wisin's Tour Performance Dates, continu[ed] correspondence with Plaintiff to make hasty production and promotional arrangements, and ultimately cancel[ed] the newly set Tour dates without allowing Plaintiff to timely perform its duties concerning their Agreement." *Id.* ¶ 93. The third cause of action is for unjust enrichment. *Id.* ¶¶ 98–103. Plaintiff alleges that Toro benefitted from Plaintiff's promotional services by accepting his direct deposit wires and that Wisin unjustly benefitted from "the promotional services by receiving several thousand dollars in value of Plaintiff's production and promotion services towards Wisin's Tour Performance dates," *id.* ¶ 99, without returning those sums to Plaintiff. *Id.* ¶¶ 98–103.

On June 17, 2021, Wisin and W moved to dismiss the Complaint for failure to state a claim for relief. Dkt No. 15. Ormeno filed a memorandum of law in opposition to the motion to dismiss on July 2, 2021, Dkt No. 16, and Wisin and W filed a reply memorandum in further support of their motion to dismiss on July 9, 2021, Dkt No. 20.

## DISCUSSION

Defendants argue that the two-year California statute of limitations for actions on oral agreements must be applied to each of Plaintiff's claims under New York's borrowing statute, N.Y. C.P.L.R. § 202, and that as a result, each of the claims is time-barred. Accordingly, they argue that the Complaint should be dismissed for failure to state a claim for relief.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *accord Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011). The ultimate issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if

the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Brothers.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014); *see also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss."); *Roeder v. J.P. Morgan Chase & Co.*, 523 F. Supp. 3d 601, 611 (S.D.N.Y. 2021), *appeal filed* (2d Cir. Mar. 9, 2021).[2]

N.Y. C.P.L.R. § 202 sets forth an exception to the general choice-of-law rule in New York that New York law provides the statute of limitations for actions commenced in a New York court. *See 2138747 Ontario, Inc. v. Samsung C & T Corp.*, 31 N.Y.3d 372, 377 (2018). The law provides:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y. C.P.L.R. § 202.

"The primary purpose of CPLR 202 and its predecessors is to prevent forum shopping by a nonresident seeking to take advantage of a more favorable Statute of Limitations in New York." *Antone v. Gen. Motors Corp., Buick Motor Div.*, 64 N.Y.2d 20, 27–28 (1984). "When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued." *Global Fin. Corp. v Triarc Corp.*, 93 N.Y.2d 525, 528 (1999); *see also Homeward Residential, Inc. v. Sand Canyon Corp.*, 499 F. Supp. 3d 18, 24 (S.D.N.Y. 2020).

---

[2] Defendant has submitted an affidavit with its motion. The Court disregards that affidavit for the purposes of this motion and bases its decision on the face of the Complaint alone.

The key words in N.Y. C.P.L.R. § 202 are "resident" and "accruing." The determination of whether a plaintiff is a resident of New York under N.Y. C.P.L.R. § 202 turns on whether the plaintiff has "a significant connection with some locality in the State as a result of living there for some length of time during the course of a year." *See Antone*, 64 N.Y.2d at 30. In tort cases, "a cause of action accrues at the time and in the place of the injury." *Global Fin. Corp.*, 93 N.Y.2d at 529. For purposes of N.Y. C.P.L.R. § 202, a cause of action on a contract accrues where a plaintiff sustains its alleged injury; "[w]hen an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss." *Id.* That bright-line rule promotes Section 202's purpose of "add[ing] clarity to the law and . . . provid[ing] the certainty of uniform application to litigants." *Deutsche Bank Nat'l Trust Co. v. Barclays Bank PLC*, 34 N.Y.3d 327, 337 (2019) (quoting *Ins. Co. of N. Am. v. ABB Power Generation*, 91 N.Y.2d 180, 187 (1997)).

It is not disputed that Plaintiff is a resident of California. The Complaint alleges that "Plaintiff is an individual doing business in the State of California," Compl. ¶ 1, and is "a San Francisco-based entertainment company focusing on musical artist tour promotion," *id.* ¶ 15. Moreover, each of the three causes of action accrued in California, as that is where Plaintiff was injured and sustained the economic impact of the loss. "Plaintiff is a resident of California. To satisfy CPLR 202, plaintiff's actions therefore must be timely under California's statute of limitations." *Deutsche Bank*, 34 N.Y.3d at 339.

The statute of limitations in California for "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing" is two years from the date of accrual. CAL. CIV. PROC. CODE § 339; *see also Zecos v. Nicholas-Applegate Capital Mgmt.*, 42 F. App'x 31, 31–32 (9th Cir. 2002) (mem.) (statute of limitations for breach of an oral contract in California is

7

two years); *Kurokawa v. Blum*, 245 Cal. Rptr. 463, 470 (Cal. Ct. App. 2 Dist. 1988) (explaining that statute of limitations under California law for breach of an oral contract and breach of an oral implied-in-law contract is two years); *Television Adventure Films Corp. v. KCOP Television, Inc.*, 57 Cal. Rptr. 526, 532 (Cal. Ct. App. 2d Dept. 1967) ("The time for commencement of an action upon an oral contract or for the breach of it is two years"). "The general rule is that a cause of action for breach of contract accrues at the time of breach." *Whorton v. Dillingham*, 248 Cal. Rptr. 405, 411 (Cal. Ct. App. 4 Dist. 1988); *see Zecos*, 42 F. App'x at 32 ("A cause of action for breach of an oral contract accrues at the time of the breach, *i.e.*, when the party charged with the duty to perform under the contract fails to perform."); *Deutsche Bank*, 34 N.Y. 3d at 341 ("In both New York and California, a breach of contract cause of action generally accrues upon the breach.").

  The Complaint alleges that Wisin was to perform in September and October 2015, Compl. ¶ 10, that Defendant Toro emailed Plaintiff on or around September 2015 to inform him that the parties' agreements were cancelled and that Wisin would not perform, *id.* ¶ 51, and that as early as December 9, 2015, Plaintiff unsuccessfully sent a demand letter to Relentless seeking return of the deposit and reimbursement for the expenses, *id.* ¶ 55.  In his opposition brief, Plaintiff argues that Defendants breached the implied-in-fact contract when they failed to provide Plaintiff with a written agreement to sign and execute, when they cancelled the Tour Performance, and when they "fail[ed] to disclose material and important information regarding their ability to perform under the Agreement. . . ." Dkt. No. 16 at 2, 7.  All of those events occurred in 2015.  Plaintiff did not file this action until February 2021.  *See generally* Compl. Accordingly, the claim for breach of an implied-in-fact contract is barred by the two-year California statute of limitations.

Plaintiff's claims for fraudulent misrepresentation and for unjust enrichment fare no better.  Under California law, the statute of limitations for fraudulent misrepresentation is three years after the discovery of the fraud.  CAL. CIV. PROC. CODE § 338(d); *see also Zecos*, 42 F. App'x at 32; *Kurokawa,* 245 Cal. Rptr. at 471; *Television Adventure Films Corp.*, 57 Cal. Rptr. at 532.  According to Plaintiff, Defendants defrauded him by inducing him to transmit a deposit and to incur expenses for promoting Wisin's 2015 concerts while knowing all the time he would not perform.  But, according to the Complaint, Plaintiff knew Wisin would not perform by no later than the fall of 2015—that is when Wisin failed to perform and when Defendants informed Plaintiff that the agreement was "cancelled."  Compl. ¶ 51.  At that point, Plaintiff had all of the facts regarding the alleged fraud that form the basis of his current allegation, but he failed to bring suit until 2021.  The claim for fraud therefore is time-barred as well under California law.

Finally, where, as here, it is based upon mistake or fraud, "[a] claim for unjust enrichment . . . must be brought within three years of the date that the aggrieved party discovers an unjust enrichment has occurred."  *Signorelli v. N. Coast Brewing Co., Inc.*, 2018 WL 5310807, at *6 (N.D. Cal. Oct. 25, 2018); *see also Swingless Golf Club Corp. v. Taylor*, 679 F. Supp. 2d 1060, 1069 (N.D. Cal. 2009) ("Section 338(d) of the California Code of Civil Procedure states that such a claim must be brought within three years of the date that the aggrieved party discovered that an unjust enrichment had occurred."); *Aluminicaste Fundicion De Mex. S. De RL CV v. Yu Fen Shen*, 2017 WL 2695280, at *3 (C.D. Cal. June 22, 2017) (same).  Plaintiff was aware of the alleged unjust enrichment in 2015, more than three years before he brought this action.  Therefore, the claim for unjust enrichment also is time-barred. *See Bamforth v. Facebook, Inc.*, 2021 WL 4133753, at *4 (N.D. Cal. Sep. 10, 2021), *appeal filed* (9th Cir. Oct. 12, 2021)

In his opposition brief, Plaintiff admits that "the Statute of Limitations does indicate that the Plaintiff's cause of action would have expired pursuant to CA Law [sic]," Dkt. No. 16 at 3, but he argues that "New York is the nexus of the dispute between Plaintiff and Defendants," *id.* at 11, and that New York law should apply because "his claim originated in New York as the nexus of the claim (to where the plaintiff made payment) occurred in New York," *id.* at 13. The New York Court of Appeals in *Global Fin. Corp.*, however, held that the choice of law analyses that look to the center of gravity or the grouping of contacts is "inapplicable to the question of statutory construction presented by CPLR 202." *Global Fin. Corp.*, 93 N.Y. 2d at 528–29; *see also Deutsche Bank*, 34 N.Y.3d at 336. Accordingly, the fact that Plaintiff sent his payments to New York does not entitle him to the benefit of the longer New York statute of limitations.

## CONCLUSION

The motion to dismiss is GRANTED with prejudice. *See Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2015) ("Granting leave to amend is 'futile' if a revised claim still 'could not withstand a motion to dismiss pursuant to Rule 12(b)(6).'") (quoting *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *Cortese v. Skanska Koch, Inc.*, 2021 WL 429971, at *18 (S.D.N.Y. Feb. 8, 2021) (holding that complaint should be dismissed with prejudice where plaintiff's claims are clearly time-barred). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: January 11, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge